# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

ABRAHAM LINDER,  :
    Plaintiff,  :
      :
v.  :    No. 18-cv-4844
      :
FOLCROFT POLICE DEPT, *et al.*,  :
    Defendants.  :

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                           **February 25, 2019**
**United States District Judge**

      *Pro se* Plaintiff Abraham Linder, who is currently incarcerated at the George W. Hill Correctional Facility ("GWHCF"), filed this civil action pursuant to 42 U.S.C. § 1983 against the Folcroft Police Department, Officer Daniel E. White, the Mercy Fitzgerald Hospital, GWHCF, Warden Dave Byrne, Assistant Warden James Mattera, The Geo Group Inc., and the Medical Services Dept. (ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Order entered on November 14, 2018, the Court denied Linder's Motion for Leave to Proceed *In Forma Pauperis* without prejudice and directed him to submit either $400.00 or a certified copy of his prisoner account statement within thirty (30) days. (ECF No. 4.)

      Linder did not respond to the Court's November 14, 2018 Order. Accordingly, by Order entered on January 24, 2019, the Court dismissed this action without prejudice for failure to prosecute. (ECF No. 5.) However, on February 19, 2019, the Court received Linder's account statement with a note that he did not previously have money for a stamp to mail it to the Court. (ECF No. 6.) In light of Linder's *pro se* status, the Court will reopen this case and vacate its

January 24, 2019 Order. For the following reasons, the Court will grant Linder leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

I.    FACTS

Linder alleges that on August 25, 2018, he "got into an altercation" with two intoxicated men while driving home through Folcroft. (Compl. at 5.)[1] Linder was making a turn when the men were crossing the street. (*Id.*) One of the men staggered, so Linder "blew [his] horn to avoid striking him when he damaged [his] vehicle on [the] passenger side rear by punching it with his hand." (*Id.*) Linder got out of his vehicle to "assess the damage," and the two men started to "hurl[] racial slurs and profanity at [him]." (*Id.* at 6.) They then began to assault Linder. (*Id.*) Linder got a knife out of his left pocket to "ward them off, and in an effort to bring the assault to a halt opened the pocket blade." (*Id.*) The police were called, and Officer Daniel White responded. (*Id.*) Linder claims that Officer White accepted the version of events provided by the two men and arrested him on 20 charges. (*Id.*)

Linder was then taken by ambulance to Mercy Fitzgerald Hospital, where he received sutures in his finger because it was "badly lacerated." (*Id.*) He claims that hospital staff did not use antiseptic, which caused his finger to become badly infected and not heal properly. (*Id.*) Linder also states that he suffered from a swollen face and head trauma from being repeatedly kicked. (*Id.* at 5.)

Subsequently, Linder was booked at GWHCF. (*Id.*) He claims that he did not receive adequate medical care because he received the wrong medication and because staff waited 30 days to remove his stitches. (*Id.*) Linder also takes issue with the fact that he was housed with two other men in a cell and was forced to sleep in a boat on the floor. (*Id.*)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Public dockets reflect that on August 25, 2018, Linder was arrested and charged with four counts of aggravated assault, six counts of simple assault, two counts of recklessly endangering another person, two counts of harassment—subject other to physical contact, two counts of possession of a weapon, two counts of disorderly conduct engage in fighting, and two counts of disorderly conduct hazardous/physical offense. *Commonwealth v. Linder*, Docket No. CP-23-CR-0005645-2018 (Delaware Cty. Common Pleas). On December 3, 2018, Linder pled guilty to two counts of aggravated assault and was sentenced to 9-23 months of confinement. *Id.* As relief for the claims raised in his Complaint, Linder seeks "summary judgment," a jury trial verdict, compensatory and punitive damages, and investigations. (Compl. at 8.)

## II. STANDARD OF REVIEW

The Court will grant Linder leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Linder is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] However, as Linder is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

**III.   DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Linder's Complaint fails to state a claim for relief at this time.

**A.   Claims Against Folcroft Police Department and Officer Daniel White**

As an initial matter, Linder cannot maintain his claims against the Folcroft Police Department, as it is not a "person" subject to suit under § 1983. *See Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016). Moreover, even if the Court were to construe Linder's claims as claims against Folcroft Borough, nothing in the Complaint suggests that any violation of Linder's rights stemmed from a municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Accordingly, Linder's claims against the Folcroft Police Department will be dismissed.

Linder appears to raise a false arrest claim against Officer Daniel White. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Here, Linder has not alleged sufficient facts to support a plausible claim that he was falsely arrested. He has not alleged what aspect of the arrest he challenges and why the events that occurred did not provide probable cause for the arresting officer to arrest him. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting

4

claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). Accordingly, Linder has failed to state a claim against Officer White at this time.

B. **Claims Against the GWHCF Defendants**

As noted above, Linder has sued GWHCF and its Medical Services Department. However, his claims against the GWHCF must be dismissed because the facility "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). Moreover, the medical department of a jail or prison is not a "person" subject to suit under § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (concluding that the prison medical department was not a person for purposes of § 1983). Accordingly, Linder's claims against GWHCF and the Medical Services Department will be dismissed.

Linder has also named Warden Davie Byrne and Assistant Warden James Mattera as Defendants in this matter. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable

5

if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Because Linder fails to mention Warden Byrne and Assistant Warden Mattera in the body of his Complaint, he has not stated a basis for imposing liability against them. Accordingly, his claims against them will be dismissed.

Finally, Linder has sued The Geo Group Inc. The Geo Group, Inc., acts under the color of state law by providing services for the George W. Hill Correctional Facility. *See Belt v. GEO Group, Inc.*, No. 06-1210, 2007 WL 1030530, at *3 n.1 (E.D. Pa. Apr. 4, 2007) (citing *McCullum v. City of Philadelphia*, No. 98-5858, 1999 WL 493696, at *2 (E.D. Pa. July 13, 1999)). However, to hold The Geo Group, Inc. liable under § 1983, Linder must allege that his constitutional rights were violated as a result of a custom or policy adopted by that entity. *See Cephas*, 2011 WL 2695311, at *2 (citing *Monell,* 436 U.S. at 691, 694). Linder has not done so in his Complaint. Accordingly, he cannot maintain a claim against The Geo Group, Inc., at this time. *See McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was").

Linder's claims regarding conditions of confinement during his incarceration at GWHCF suffer from other deficiencies. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the

6

Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because it appears that Linder was a pretrial detainee when he filed his Complaint but is now a convicted and sentenced inmate, the Court will analyze his claims under both amendments. To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158.

Linder first takes issue with his assignment to a cell with two other individuals, where he had to sleep in a boat on the floor. Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Linder has not established a plausible constitutional violation because he has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not

7

violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Thus, Linder's Complaint fails to state a claim with respect to his allegations of overcrowding.

Linder next alleges that he received the wrong medication and did not receive adequate medical care for his injuries. In the context of deficiencies in medical care, an inmate's rights are violated under either the Eighth or Fourteenth Amendment if a prison official acts with deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Goode v. Giorla*, 643 F. App'x 127, 129 n.3 (3d Cir. 2016) (per curiam). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. While the incidents of which Linder complaints could constitute deliberate indifference to a serious medical need, Linder has failed to state a claim at this time because, as discussed above, he cannot proceed against GWHCF and its Medical Services Department, has failed to state that the violation of his rights was caused by a custom or policy instituted by The Geo Group Inc., and has failed to state a basis for liability against Warden Byrne and Assistant Warden Mattera.

### C.  Claims Against Mercy Fitzgerald Hospital

Finally, Linder has named the Mercy Fitzgerald Hospital as a Defendant. To the extent that Linder seeks to pursue § 1983 claims against the Hospital, nothing in the Complaint suggests that it is a state actor subject to liability under § 1983. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

Linder also states that he wishes to pursue medical malpractice claims against the Hospital. (Compl. at 5.) Because the Court has dismissed Linder's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Although Linder states that he is incarcerated at GWHCF, he does not allege the state of his domicile prior to incarceration. *See Robinson v. Temple Univ. Health Servs.*, 506 F. App'x 112, 115 (3d Cir. 2012) (per curiam) (explaining that "[t]he traditional view is that a prisoner remains a citizen of the state of which he was a citizen before his imprisonment" and that other circuits "follow a rebuttable presumption model; those courts presume that a prisoner does not change his domicile by being incarcerated

in a new state, but they permit him to rebut that presumption"). Moreover, Linder only provides a Pennsylvania address for the Hospital. Thus, Linder has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over his medical malpractice claims. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV. CONCLUSION

For the foregoing reasons, the Court will reopen this case and vacate its January 24, 2019 Order which dismissed this case for failure to prosecute. The Court will grant Linder leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Linder's right to file an amended complaint within thirty (30) days if he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**